IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILILNOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA McGHEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23 C 1167 |
| | ) | |
| NORTHWESTERN MEDICINE / | ) | |
| CENTRAL DUPAGE HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

Cassandra McGhee has filed a *pro se* lawsuit against Northwestern Medicine. Ms. McGhee worked at Central DuPage Hospital, which Northwestern operates. In her amended complaint, Ms. McGhee alleges that "for several years starting in 2015" she experienced a hostile work environment that took a serious toll on her health. In May 2018, on doctor's orders, she took FMLA leave to seek medical assistance. She returned to work later in May 2018. In June 2018, Ms. McGhee completed an employee evaluation survey that included a negative evaluation of her supervisor. After she submitted this, Ms. McGhee says, "things took a turn and various forms of discrimination and retaliation started to happen." This continued through December 2018 and ultimately led to Northwestern terminating her employment in January 2019—specifically, on January 4, 2019, based on documents that accompany Ms. McGhee's amended complaint. Ms. McGhee alleges in this lawsuit that she was terminated due to disability, her age, her race, and in retaliation for taking FMLA leave and for speaking up about the conditions of her employment.

In the amended complaint form that Ms. McGhee filed in this case, she alleges that she filed a charge with the Illinois Department of Human Rights on October 24, 2019 and with the U.S. Equal Employment Opportunity Commission on November 15, 2022. The attachments to her complaint reflect that the IDHR dismissed Ms. McGhee's charge on January 26, 2021; Ms. McGhee challenged the dismissal before the Illinois Human Rights Commission; and the IHRC upheld the dismissal on November 23, 2021.

Ms. McGhee, as indicated, says that she filed an EEOC charge about a year later, on November 15, 2022. She also provides a copy of the notice of right to sue issued by the EEOC. which is also dated November 15, 2022. Ms. McGhee filed this lawsuit on February 13, 2023.

Northwestern has moved to dismiss Ms. McGhee's lawsuit for failure to state a claim. Northwestern's request for dismissal is based on its contention that Ms. McGhee's discrimination charge(s) and/or her lawsuit were not timely filed. The Court addresses each claim separately.

First is Ms. McGhee's claim for retaliation under the FMLA. The statute of limitations for claims under the FMLA is two years, or three years if the violation was willful. 29 U.S.C. § 2617(c)(1)-(2). The clock starts to run on the date of the retaliatory act, which in this case was Ms. McGhee's termination on January 4, 2019. The FMLA does not require a plaintiff to file an administrative charge, so the time that Ms. McGhee's discrimination charges were pending before the IDHR, IHRC, and EEOC did not stop the clock from running. Her lawsuit was filed about four years and one month after her termination, which is too late under the FMLA. For this reason, the FMLA retaliation claim is dismissed as untimely.

Next is Ms. McGhee's claim for race discrimination and retaliation, to the extent it arises under 42 U.S.C. § 1981. The statute of limitations for a section 1981 claim is four years, *see Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 383 (2004), and it started to run on the date Ms. McGhee was terminated. This claim is likewise untimely because it was not filed until a little over four years and one month after Ms. McGhee's termination.

Ms. McGhee's remaining claims, for age discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 636(c), for disability-based discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12117(a), and for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f), require a different analysis. Each of these claims requires the plaintiff to first file an administrative charge of discrimination with the EEOC or (at least in Illinois) with the IDHR. *See* 29 U.S.C. § 636(d)(1) (ADEA); 42 U.S.C. § 12117(a) (adopting Title VII provisions); 42 U.S.C. § 2000e-5(e)(1) (Title VII). The

administrative charge must be filed within 300 days of the date of the alleged discriminatory act, the last of which was Ms. McGhee's termination on January 4, 2019. This means that Ms. McGhee had to file her administrative discrimination charge by October 31, 2019.

Ms. McGhee alleges in her complaint that she filed her IDHR charge on October 24, 2019, but she did not provide a copy of that charge with her complaint. Rather, she provided only documents related to the dismissal of the charge and her appeal of that dismissal to the IHRC. Documents obtained by Northwestern from the IDHR regarding Ms. McGhee's administrative charge reflect that what happened on October 24, 2019 was that Ms. McGhee completed a "complainant information sheet" that described certain information relating to her potential claim. *See* Def.'s Mot. to Dismiss, Ex. A (Kalas Affid.), Attachment 1. But the complainant information sheet does not describe what relief Ms. McGhee was asking for (in other words, what she was asking the IDHR to do)—in fact there was no space on the form that called for her to provide that information. For this reason, the Seventh Circuit has held that a complainant information sheet does not constitute a charge of discrimination—rather, it is "just a pre-charge screening form." *See Carlson v. Christian Bros. Services*, 840 F.3d 466, 467 (7th Cir. 2016). The relevant date for purposes of the 300-day deadline is the date that the complainant filed the formal IDHR charge. In this case, based on public-record documents that Northwestern obtained from IDHR, that date was December 31, 2019. *See* Mot. to Dismiss, Ex. A, Attachment 2. That was approximately 360 days after Ms. McGhee's termination date. In other words, the IDHR charge was filed about 60 days after the 300-day period had expired.

Ms. McGhee points out that she filed *this lawsuit* within 90 days after getting a notice of right to sue from the EEOC. It is true that she met the 90-day deadline for filing a suit after getting a notice of right to sue, but that's just one of two deadlines she had to meet for purposes of her Title VII, ADA, and ADEA claims. The first deadline was to file her charge of discrimination within 300 days after the discriminatory act, which in this case was the termination of her employment on January 4, 2019. Ms. McGhee did not meet that deadline. (The Court also notes that Ms. McGhee's EEOC charge, which was not filed until 2022, was not filed until well over four years after the alleged

3

discriminatory and retaliatory conduct.) For this reason, the Court dismisses Ms. McGhee's claims under Title VII, the ADA, and the ADEA.

In sum, all of Ms. McGhee's claims are untimely. The Court also notes that her submission of the employee evaluation survey, which Ms. McGhee has provided with her amended complaint, would not support a retaliation claim under the relevant statutes in any event, as her responses to the survey do not complain about race, disability, or age discrimination, or anything regarding the taking of FMLA leave.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [22] and denies plaintiff's motion to deny dismissal [24]. The telephonic status hearing set for October 10, 2023 is hereby vacated. The Court directs the Clerk to enter judgment stating as follows: This case is dismissed with prejudice.

Date: October 10, 2023

_____
MATTHEW F. KENNELLY
United States District Judge

4